NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**A.F.T.E.R., INCORPORATED, ANTIGO APARTMENTS COMPANY, ARE PROPERTIES, ARGENT APARTMENTS OF PHILLIPS, ARGENT APARTMENTS OF RIO, ARGENT APARTMENTS OF RUDOLPH, ASHLAND ENTERPRISES, BARNEVELD ENTERPRISES, BAY HARBOR, BEB, BLUE HERON PARK APARTMENTS, BOSCOBEL FAMILY HOUSING, BRODHEAD ELDERLY HOUSING, C.F. CROIX ASSOCIATES, CATHERINE SQUARE ASSOCIATES, CHASSELL ENTERPRISES I, CITY NATIONAL BANK & TRUST COMPANY, COBB ELDERLY HOUSING, DAKOTA, INCORPORATED, DARLINGTON FAMILY HOUS-ING, DODGEVILLE ENTERPRISES, DODGEVILLE MULTI-FAMILY HOUSING JACK DOUTHITT, ELLENDALE SQUARE ASSOCIATES, LEONARD WESTROM, SALLY WESTROM, PAUL VOLLAN, AND SANDRA VOLLAN,**
*Plaintiffs,*

AND

**R&R INVESTORS,**
*Plaintiff-Appellee,*

v.

**UNITED STATES,**
*Defendant-Appellee,*

v.

**HOGENSON R&R INVESTORS,**
*Movants-Appellants.*

_____

2011-5054

_____

Appeal from the United States Court of Federal Claims in case no. 03-CV-2264, Judge Susan G. Braden.

_____

Before BRYSON, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## ORDER

R&R Investors move to reform the caption to reflect its status as "Plaintiff-Appellee" and the status of the proposed intervenors as "Movants-Appellants." R&R Investors also move for summary affirmance of the Court of Federal Claims' order denying the proposed intervenors' motion to intervene and to allow filing of a notice of appeal, which is the subject of this appeal. Hogenson R&R Investors (Hogenson) oppose the motion. The United States does not oppose the motion.

This case has a long history. In 2003, a group of property owners, including R&R Investors, brought Tucker Act claims against the United States in the Court of Federal Claims. In May 2007, the parties settled.

Following settlement, a dispute arose relating to the accurate partnership of R&R Investors, with Hogenson R&R Investors claiming entitlement to the settlement proceeds. That dispute was fully litigated in Minnesota state court. The Minnesota court of appeals held that R&R Investors, not Hogenson R&R Investors, was enti-

tled to the proceeds. In December 2009, the Minnesota Supreme Court denied Hogenson's petition for review.

After the conclusion of the Minnesota litigation, the Court of Federal Claims dismissed the suit in April 2010 and denied Hogenson's subsequent motion to vacate and for reconsideration in May 2010. Hogenson then filed with the Court of Federal Claims both a motion to intervene and to allow filling a notice of appeal. At the same time, Hogenson filed a writ of mandamus in this court, alleging that they were entitled to the settlement proceeds.

Subsequently, this court denied Hogenson's writ of mandamus because the Minnesota Court of Appeals determined that the Tucker Act claims are the property of the current R&R Investors. The Court of Federal Claims then denied Hogenson's motion to intervene. This appeal followed.

Hogenson's primary argument is that the Court of Federal Claims cannot defer to the Minnesota court because the Minnesota court misapplied the Anti-Assignment Act, 31 U.S.C. § 3727. Hogenson argues that the Takings claims remained an asset of the original Hogenson R&R Partnership and was not the R&R Partnership's claim to assert or on which to collect the settlement proceeds.

Hogenson misreads the intention of the Anti-Assignment Act. 13 U.S.C. § 3727 acts to protect the government and "has been interpreted as being solely for the Government's own benefit to assent to and recognize an assignment where it seems appropriate." *G.L. Christian & Assoc. v. U.S.*, 312 F.2d 418, 423 (Ct. Cl. 1963); *see also McKenzie v. Irving Trust Co.*, 323 U.S. 365 (1945) ("The provisions of the statute governing assignments of claims against the Government are for the protection of

the Government and not for the equities of the claimants as between themselves.")

Here, the government settled the claim against it, recognizing R&R Investors as the partnership-in-interest. Hogenson's reliance on the Anti-Assignment Act is misplaced. The Minnesota court settled the issue and the Court of Federal Claims properly dismissed Hogenson's motions.

Accordingly,

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted.

(2) The motion to reform the caption is granted. The revised official caption is reflected above.

FOR THE COURT

__AUG 1 7 2011__                    /s/ Jan Horbaly
Date                                Jan Horbaly
                                    Clerk

cc:  Kenneth S. Kessler, Esq.            FILED
     Erick G. Kaardal, Esq.       U.S. COURT OF APPEALS FOR
     William L. Roberts, Esq.        THE FEDERAL CIRCUIT

s24                                    AUG 1 7 2011

                                     JAN HORBALY
                                        CLERK